# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0002019767 |
| | ) | |
| KUSHAL SHAH, f/k/a | ) | |
| GERRON M. LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 14, 2018
Decided: December 5, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT:

**(I) DEFENDANT'S REQUEST TO FILE TWELFTH MOTION FOR POSTCONVICTION RELIEF BE DENIED;**

**(II) DEFENDANT'S TWELFTH MOTION FOR POSTCONVICTION RELIEF BE SUMMARILY DISMISSED;**

**(III) DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL BE DENIED; AND**

**(IV) DEFENDANT'S MOTION TO AMEND PETITION FOR POSTCONVICTION RELIEF BE DENIED AS MOOT**

Elizabeth McFarlan, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kushal Shah, f/k/a Gerron M. Lindsey, *pro se*.

**MAYER,** Commissioner

1

This 5th day of December, 2018, upon consideration of Defendant's various pleadings related to his Twelfth Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND

Defendant, Kushal Shah, f/k/a Gerron Lindsey, plead guilty but mentally ill in June of 2002 to one count of first degree murder. Since then, Defendant has inundated the State and Federal Courts with Petitions for a Writ of Habeas Corpus, Writs of Mandamus, appeals, motions for reconsideration, motions to correct illegal sentences, motions to withdraw guilty pleas, and no less than eleven (11) motions for postconviction relief. Throughout these filings, Defendant challenged the performance of trial counsel on at least four (4) occasions and presented claims of "newly discovered evidence" on at least two (2) previous occasions. Defendant was represented by counsel for several of his post-conviction filings.

On September 10, 2015, the Superior Court issued an Order adopting a Commissioner's Report and Recommendation that Defendant's Tenth *Pro Se* Motion for Postconviction Relief should be denied.[1] In the Tenth Order, the Superior Court accepted the Commissioner's recommendation that Defendant should be barred from filing future motions due to an abuse of the system by filing repetitive

---

[1] *State v. Lindsey*, 2015 WL 5675838 (Del. Super. Sept. 10, 2015) (the "Tenth Order").

and meritless motions. The Tenth Order concludes by prohibiting Defendant from filing further motions for postconviction relief unless approved by the Court. The Tenth Order was affirmed by the Delaware Supreme Court.[2]

Despite this, Defendant filed an eleventh Motion for Postconviction Relief.[3] On appeal from the denial of the Eleventh Motion, the Delaware Supreme Court reminded Defendant that the Superior Court had enjoined him from filing further motions for postconviction relief unless approved by the Court.[4]

On June 14, 2018, Defendant filed his *twelfth* Motion for Postconviction Relief[5] and presented one argument, that is further bolstered by way of a legal memorandum:

> Newly discovered evidence based on ineffective assistance of counsel. I recently learned via freedom of information act that a Wilmington Police officer was identified in the live line up as the shooter.

Defendant's Twelfth Motion argues he saw a picture of an individual named Caro Spearman in the newspaper, who he learned is a police officer, and "realized that

---

[2] *Shah v. State*, 2015 WL 9436813 (Del. Dec. 22, 2015).

[3] *State v. Shah*, 2017 WL 5075368 (Del. Super. Oct. 31, 2017) (the "Eleventh Motion").

[4] *Shah v. State*, 2018 WL 2110995 (Del. May 7, 2018).

[5] D.I. # 244 (the "Twelfth Motion").

Caro Spearman was identified as the shooter in his live lineup."[6] Along with the Twelfth Motion, Defendant submitted a letter that states, "I am requesting the court's permission to file the enclosed petition for postconviction relief." Defendant also filed a Motion for Appointment of Counsel.[7] On July 31, 2018, Defendant filed a Motion to Amend Petition for Postconviction Relief (the "Amendment").[8] By way of the Amendment, Defendant argues the United States Supreme Court's decision in *Lee v. United States*, 137 S. Ct. 1958 (2017) (hereinafter "*Lee*") applies retroactively to his case and in particular he asks for it to apply to his first motion for postconviction relief and his eighth motion for postconviction relief.[9]

For the following reasons, I recommend that Defendant's request to file the Twelfth Motion be denied, that the Twelfth Motion be summarily dismissed, that the Motion for Appointment of Counsel be denied and that the Amendment be denied as moot.

---

[6] Defendant attaches only a page 2 of what appears to be a report from an Investigator (*See* Exhibit 40 to D.I. # 244). It is not dated and is clearly incomplete.

[7] D.I. # 245.

[8] D.I. # 250.

[9] *See* D.I. # 249 referencing Docket Nos. 64, 172.

## DEFENDANT'S RULE 61 MOTION

Before considering the merits of a defendant's post-conviction claims, the Court must first determine whether there are any procedural bars to the motion.[10] After reviewing Defendant's submissions, it is evident that even if the Court were to consider the Twelfth Motion, pursuant to Super. Ct. Crim. R. 61(d)(5) the motion may be summarily dismissed because it is procedurally barred and it plainly appears, after considering the record in the case and prior proceedings, that the movant is not entitled to relief. As such, the Court should not consider the merits of the claims.[11]

## I. Defendant's Twelfth Motion is untimely

Defendant's Twelfth Motion is procedurally barred by Super. Ct. Crim. R. 61(i)(1) for having been filed more than one year after the conviction became final.[12] Defendant's Twelfth Motion, having been filed almost sixteen (16) years after the conviction became final, is untimely. Any ineffective assistance of counsel claim is

---

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). *See also Paul v. State*, 2011 WL 3585623 (Del. Aug. 15, 2011), at *1 ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[12] Defendant did not submit a direct appeal and therefore his conviction became final in July of 2002. Super. Ct. Crim. R. 61(m)(1).

likewise subject to the timeliness bar of Rule 61(i)(1) and therefore, Defendant's claims in this regard have been asserted too late.

## II.    <u>Defendant's challenge to the lineup was waived</u>

Prior to entering into the plea, Defendant was aware that the victim, as well as other witnesses, were unable to make a positive identification from the photographic line-up. Although Defendant claims he recently learned that Spearman, who was identified in the live line-up, was a police officer, that information is not relevant to the analysis. Regardless of Spearman's profession, Defendant was aware that the "Second Witness" that viewed the line-up identified the person in "Position 4" (Spearman) and not Defendant. Two other witnesses identified Defendant as the shooter. Any claims that now purport to challenge the evidence against him, including the line-up and the results therefrom, having not been previously asserted, despite many opportunities to do so, are now deemed waived pursuant to Super. Ct. Crim. R. 61(i)(3). Defendant has not established cause for his failure to raise these claims sooner nor prejudice from a violation of his rights.[13]

---

[13]   Super. Ct. Crim. R. 61(i)(3)(A) & (B).

## III. Defendant's Twelfth Motion does not meet the standard of "newly discovered evidence" or a newly applicable constitutional right

As this is Defendant's twelfth motion for postconviction relief, the claims should only be considered if the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and render the conviction or death sentence invalid.[14] All grounds for relief available to a movant are required to have been set forth in the first motion for relief under Super. Ct. Crim. R. 61.[15]

Defendant argues "newly discovered evidence" demonstrates trial counsel was ineffective for not challenging the lineup or notifying him that the police officer was identified in the lineup. This Court recently examined both State and Federal precedent and set forth a standard for determining what constitutes "new evidence" in the context of Super. Ct. Crim. R. 61(d)(2)(i).[16] A defendant must: (1) persuade the court that no juror acting reasonably would have voted to find him guilty beyond

---

[14] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).

[15] Super. Ct. Crim. R. 61(i)(2)(ii).

[16] *State v. Sykes*, 2017 WL 6205776, at * 5-6 (Del. Super. Dec. 7, 2017).

a reasonable doubt; (2) present new reliable evidence that was not available at the time of trial; and (3) demonstrate that the evidence could not have been discovered earlier through the exercise of due diligence.[17] Defendant's Twelfth Motion fails to meet the required standard for presentation of new evidence.

By way of Defendant's Third Motion for Postconviction Relief, while arguing ineffective assistance of counsel for failure to investigate witnesses, counsel for Defendant highlighted the failure of the victim and witnesses to make a positive identification.[18] Although he now argues a police officer was identified in the live line-up, it does not alter the fact that he knew that at least one witness had not positively identified him as the shooter. That information was available to Defendant prior to entry into the plea and Defendant plead guilty and waived the right to challenge the State's evidence against him. Even accepting the piecemeal report submitted as Exhibit 40 by Defendant, two witnesses identified Defendant as the shooter, and one identified the person in "Position 4" which was Spearman. The fact that Spearman is a police officer does not change the import of the identifications nor does it create a strong inference that Defendant is actually innocent of the acts for which he was convicted.

---

[17] *State v. Flowers*, 2018 WL 1169644 (Del. Super. Mar. 6, 2018) (quoting *Phlipot v. Johnson*, 2015 WL 1906127, at *4 (D. Del. 2015)).

[18] *See Lindsey v. State*, Case No. 375, 2007 at Docket No. 7, A80.

Defendant's Amendment attempts to seek reconsideration of his past motions by citing *Lee*.[19] In *Lee*, the United States Supreme Court, citing *Strickland*[20] (a 1984 case), held that Lee received ineffective assistance of counsel when his attorney incorrectly advised him that pleading guilty would not result in his deportation.[21] This decision did not create a new rule of constitutional dimensions applicable retroactively to Defendant's case. Rather, the United States Supreme Court applied the *Strickland* standard to the unique facts of Lee's case and found that the Sixth Amendment guarantees a defendant the effective assistance of counsel even if a defendant pleads guilty in a case that was likely to resolve in a conviction if it proceeded to trial.[22] Crucial to the present analysis is that the decision observed the difference between Lee's case and other plea cases. If a defendant argues that his decision about going to trial turned on the prospects of success (as Defendant argues here), then he must show that he would have been better off going to trial absent attorney error.[23] In fact, "Courts should not upset a plea solely because of post hoc

---

[19] Notably, *Lee* was decided in June of 2017 - while Defendant's Eleventh Motion for Postconviction Relief was pending before the Superior Court and before his appeal of that decision to the Delaware Supreme Court.

[20] *Strickland v. Washington*, 466 U.S. 688 (1984).

[21] 137 S. Ct. 1958.

[22] *Id.* at 1964.

[23] *Id.* at 1965.

assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."[24] In *Lee*, the difference was that the defendant plead guilty solely to avoid deportation, which counsel wrongly advised him was not possible. Here, Defendant does not attempt to argue that the determinative issue for his plea was the lineup and identification. As such, *Lee* does not grant Defendant relief from the procedural bars.

## IV. Defendant is prohibited from filing meritless motions

This Court and the Delaware Supreme Court have admonished Defendant for his repetitive, meritless and frivolous filings. The Twelfth Motion is another attempt, sixteen years too late, to challenge the evidence against him and should be summarily dismissed on this basis as well.

## Motion for Appointment of Counsel

Pursuant to Superior Court Criminal Rule 61(e)(3), if the conviction resulted from a plea of guilty or nolo contendere, the court "may" appoint counsel if it is determined that (i) defendant is presenting a timely filed first motion for postconviction relief; (ii) the conviction has been affirmed by final order upon direct appellate review, or review was unavailable; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel; (iv); granting the

---

[24] *Id.* at 1967.

motion would result in vacatur of the judgment of conviction for which the movant is in custody; *and* (v) specific exceptional circumstances warrant the appointment of counsel.

This is not Defendant's first motion for postconviction relief, nor was it timely filed. Defendant did not seek appellate review of his conviction and no exceptional circumstances were presented to warrant appointment of counsel.

For all of the foregoing reasons, the request to file the Twelfth Motion for Postconviction Relief should be DENIED; Defendant's Twelfth Motion for Postconviction Relief should be SUMMARILY DISMISSED; the Motion for Appointment of Counsel should be DENIED; and the Motion to Amend should be DENIED AS MOOT.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Elizabeth McFarland, Esquire
       Kushal Shah, f/k/a Gerron Lindsey